THEODORE BRABHAM ET AL. *v.* H. D. DAY.

DEEDS.   *Conveyance to a mother and her children.   Tenants in common.*
   *Code* 1892, § 2441.

   A child *in esse* at the date of a conveyance to his mother and chil-
   dren, takes as tenant in common with the mother, under § 2441,
   code 1892, to the effect that a conveyance to two persons, without
   other words, makes them tenants in common.

FROM the chancery court of Amite county.
HON. CLAUDE PINTARD, Chancellor.
The opinion states the case.

*McLaurin & McKnight*, for appellants.

Did this deed create an estate tail in Eliza Day, which, by
the condemnation of our statute, gave her the fee? In *Haze-
lett* v. *Farthing*, 94 Ky., 421, it was held that a devise to " my
beloved wife and children," naming them, by giving both the
name of the wife and the children, gives to the persons named
a joint and equal interest in the property devised, and not a life
estate in the wife with remainder to the children.   *E converso*,
it would seem that if the childeren were not named, except as
a class " children," they would not take a joint and equal in-
terest, and the interest of the wife would not be that of a ten-
ant in common with the " children."

In the case at bar the children were not named, although the
appellee, H. D. Day, is shown by the bill to have been *in esse*,
and some six years old, and the only child at the time the deed
was made.   If the intent of the grantor, which must be obeyed,
if not in conflict with the law, was to convey to the only child
of Eliza Day, as an individual, this child would certainly have
been mentioned by name in the deed, or the deed would have

been written "child or children." It cannot seriously be contended that, had other children been born to Eliza Day, between the time of the execution of the deed and the present day, or should yet be born to her, such other children were not intended by the grantors to take under this deed.

If we are correct in this, then it was the intention of the grantors to convey to Eliza Day and "her children" as a class and not as individuals, and a class, too, a part of which was *in esse* and a part not *in esse* at the time of the making or the execution of the deed. If, then, all the grantees intended to take, under the deed, were not *in esse* at the time of the making of the deed, then the deed could not take effect as a present conveyance to them as tenants in common with Eliza Day, however much the grantor may have desired and intended it, because, "for the grant of an immediate estate in possession, it is necessary that the grantee be *in esse*, and if it be shown that the grantee came into being after the conveyance, it will avoid the deed." Tiedeman on Real Property, 798, and all standard writers.

In the case of *Hague* v. *Hague*, 161 Pa. St., 643, it was held that "a conveyance or devise to Sarah H. and her children, vests in her a life estate, with remainder in fee to the children as a class. Her after-born children are entitled to participate in the benefits of such devise or conveyance." This supports our position in answering the first question above in the negative. It decides that where a deed is to children, the "children" take as a class; and, leaving out of view our statute abolishing the rule in Shelley's case, it answers the second question in the affirmative, by holding that the mother took a life estate, with remainder in fee to the children "as a class." If, then, Eliza Day took a life estate, with remainder in fee to her children, the petition of the appellee for partition of the land in dispute, is premature, by virtue of the provision of § 3097 of the code of 1892, against partition of lands in

reversion or remainder, and the demurrers should have been sustained and the bill dismissed.

Section 2446 of the code of 1892 abolishes the rule in Shelley's case, and provides that where a conveyance is to a person " for life," with remainder to his heirs or the heirs of his body, shall be held, etc.    In *Hague* v. *Hague, supra,* the conveyance was " to Sarah and her children," and not to Sarah for life, with remainder, etc.    And in the line of cases like *Hubbard* v. *Selser,* 44 Miss., 705; *Busby* v. *Rhodes,* 58 Miss., 237; *Cannon* v. *Barry,* 59 Miss., 289; and *Hawkins* v. *Hawkins,* 72 Miss., 749, in our own state, in which limitations, by way of remainder, have been held to be good, are all of them cases in which the devise or conveyance was to the first taker for life, with remainder over, etc.; but, in the case at bar, the case is not for life, with remainder over, either in terms or by any sort of implication, and there is nothing in the deed to indicate, in the least, any such intention, but, on the contrary, the deed clearly evinces a purpose to pass the whole estate *in præsenti* to Eliza Day and "her children."    Not to her "for life, with remainder," etc.; not to her and "her son;" not to her and " her child;" not to her and "her child, H. D. Day;" not to " her child or children," but is to her, as an individual, and to " her children" as a class, and that, too, when only one of such class was *in esse,* and he was, evidently, purposely not named in the deed as an individual.    If a single child is intended to take in default of the class "children," then the expression "child or children," so often used in the books as to indicate its necessity for such purpose, should be used.    And we have not been able to find any case, either in our own state or in any other state, in which the word "child" is held to cover the import of the word "children," where, as in this case, the term children is so evidently used to indicate and express a class compound of more than one child.

If, then, "children" be taken to mean a class, and that class is not filled by a single and only child, who was in existence at

the date of the deed to the class " children," or, in other words, if the grantor in the deed to Eliza Day meant that after-born children should have any interest in the land by this deed, and the deed being intended evidently to pass and vest an estate *in præsenti,* " the word ' children ' must be construed as a word of limitation, and not of purchase, because, otherwise, there would be a grant of a life estate." *Cannon* v. *Barry,* 59 Miss., 300. The word " children," as used in this case, is synonymous with " heirs of the body." If we are correct in this, then this deed would be construed to read " to Eliza Day and the heirs of her body," which is an estate tail, and by the condemnation of the statute is converted into a fee simple in Eliza Day. *Suddoth* v. *Suddoth,* 60 Miss., 366; *McKenzie* v. *Jones,* 39 Miss., 230.

" Children," in this deed, evidently includes any unborn children of Eliza Day. As to such unborn children, at least, this deed was and is void for two reasons: (1) Because they could not take under it as a present conveyance, for the reason that they were not grantees *in esse* at the time (Tiedeman on Real Property, 798); and (2) because they were not *in esse* at the date of the deed, hence the word " children," expressing their interest, is construed as " heirs of the body," thereby creating an estate tail, which is condemned by the statute, and, therefore, void as to the unborn children, and, if void as to part of the class " children "—the unborn children—it is void as to the whole class. " It thus appearing that the limitation is void as to some of the persons composing some of the class of which it is made, it results, by a well-settled rule, that it is void as to the whole class." *Leake* v. *Robinson,* 2 Merivale, 363, 390; *Caldwell* v. *Willis,* 57 Miss., 574.

*M. H. Wilkinson,* for appellee.

The deed in this case, under which both the appellant and the appellee claim title, was made to Eliza Day and her children. The appellee is and was the only child of his mother, Eliza Day, at the time of the execution of the deed. The

word, "children," when used in a deed or will, is generally construed as a word of purchase; in other words, the word, "children," being confined to the issue of the first degree, consequently, when used in a deed or will, applies primarily to a specific and determinate class. It is a *designatio personœ*, and indicates not heritable succession, but individual acquisition. It is a word not only of limitation, but of purchase. *Wild's case*, 6 Coke, 17; *Tucker* v. *Stites*, 39 Miss., 196; 3 Am. & Eng. Enc. L., 231, 232.

In Wild's case a will was construed, by which a devise or grant was made to, say, A and his children, and this provision was held to create a joint tenancy between A and his children— that is, supposing that the children are living at the time of the bequest or at the death of the testator. This construction has prevailed ever since this case. 2 Minor's Institutes, 84.

A joint tenancy arises by the act of the parties, and it may be created by devise or conveyance, which gives an estate to a plurality of persons, without adding any restrictive, exclusive or explanatory words. Thus, if an estate be granted to A and B and their heirs, this makes them joint tenants in fee of the land. 2 Blackstone Com., 180; 1 Stephen Com., 325, 326.

So, a devise or conveyance to A and his children, supposing that A has children then living, creates a joint tenancy, at common law, for life. On the other hand, if A had no children living at the time of the conveyance or devise, or at the testator's death, then A would take a fee tail at common law (2 Jar. Wills, 393, 394, 5th Am. ed.; 2 Minor's Institutes, 462), which, by our statute, is converted into a fee simple.

For a full and complete discussion of the deed of conveyance in this case, I refer the court especially to the case of *Ewing* v. *Shropshire*, 80 Ga., 374 (7 S. E., 554); *Hobby* v. *Bunch*, 83 Ga., 1 (20 Am. St. Rep., 554).

TERRAL, J., delivered the opinion of the court.

The question propounded in this case, is the construction of

the following words in a conveyance of land, to wit: "To Eliza Day and her children," one side contending for a fee in Eliza Day, and the other side insisting that H. D. Day, now, as at the time of the conveyance, the only child of Eliza Day, is a tenant in common with Eliza Day of the land conveyed. We think that the plain and obvious interpretation of the words of the conveyance vest the fee in Eliza Day and H. D. Day, as tenants in common, the words "and her children" being but a *designatio personæ*.

In *Mason* v. *Clarke*, 17 Beav., 131, Sir John Romilly, the master of the rolls, said: "I think it may be said generally that where a testator gives property to a parent and his children simpliciter, and there are children then in existence, the children and the parent take the property together, either as joint tenants or as tenants in common, according to the words of the will." Our statute, code 1892, § 2441, construes such conveyance to create estates in common. This rule of interpretation is indorsed by 29 Am. & Eng. Enc. L., 508, where many authorities are cited. A like rule of construction exists in the case of deeds. 3 Am. & Eng. Enc. L., 232, and notes. This is the view taken by the learned chancellor in the court below, and the judgment there is

<div align="right">

*Affirmed.*