EWING *et al. v.* EWING.

(In Banc. May 14, 1945.)

[22 So. (2d) 225. No. 35830.]

W. C. Sweat, of Corinth, for appellants.

**Stovall & Smith,** of Corinth, for appellee.

**Roberds, J.,** delivered the opinion of the court.

The question for decision herein is the construction of a deed executed by Mrs. Mollie Waits and her husband E. F. Waits to their daughter Katherine Waits, dated June 20, 1918, and which deed, in the part essential here, reads as follows: ''For and in consideration of the sum of One Dollar in hand paid, and for the further consideration of the natural love and affection we have for our daughter, Katherine Waits, we hereby grant, bargain, sell, convey and warrant to her and the children of her body  . . .,'' the real property described in the deed, reserving to Mrs. Mollie Waits, the then owner, the use thereof during her natural life.

Katherine Waits was an only child of the grantors and when the deed was executed she was sixteen years of age, unmarried, without children. Six years thereafter, and on January 24, 1924, she married Mr. Albert Ewing, Jr., since which time their home has been, and they have resided, in Nashville, Tennessee. Two children have been born of this marriage—Ernest LeRoy Ewing and Albert Ewing III, ages twenty and fifteen years, respectively. Mrs. Mollie Waits departed this life March 24, 1933, and Mr. Waits died November 6, 1938, and Mrs. Katherine Waits Ewing has been in possession of the property since the death of her mother. The property is a lot near the business center of the City of Corinth, Mississippi, upon which is located a two-story frame building.

This bill for construction was filed by the two minor children, through their father as next friend, on behalf of themselves and any and all children who may yet be born to Mrs. Ewing, the mother being respondent to the bill. Complainants assert that they, together with any

after-born children of Mrs. Ewing, are either tenants in common with their mother, or that the mother has a life estate and such children the remainder in fee, of said property. The chancellor held that this deed created a fee tail estate, and that Sec. 838, Code 1942, reading "Estates in fee tail are prohibited; and every estate which, but for this statute, would be an estate in fee tail, shall be an estate in fee simple . . .," converted it into a fee-simple estate in Katherine Waits (Ewing), and dismissed the bill.

As to the contention that appellants are, and that after-born children, if any, will be, tenants in common with their mother and with each other, it will be noted that the grant is immediate and purports to vest title at once, and since there were no children in being on the effective date of the grant, it could not vest in these children the title as tenants in common or as joint tenants. If such children have an interest, it is based upon a life estate in their mother, remainder in fee to them upon her death. The authorities are divided as to whether, in the situation here, there is an implied creation of a life estate in Katherine Waits, remainder to the children of her body at her death, or whether she is granted a fee-simple title absolute. The cases supporting both propositions are too numerous for us to cite, but they will be found and discussed in annotations in 12 L. R. A. (N. S.), page 307; L. R. A. 1917B, page 49; 114 A. L. R., page 618. The respective rules are stated and reference to supporting cases made in 19 Am. Jur., page 514, Sec. 53; 69 C. J., page 526, Sec. 1605; 26 C. J. S., Deeds, page 423, Sec. 125; Tiffany Real Property (Abridged Edition), page 46, Sec. 47; Rest. Property, Future Interest, page 1483, Sec. 283.

In behalf of the life estate—remainder rule it is reasoned that grantors, by mentioning children, evidently intended that the children should take and that it is the duty of the court to give effect to such intent, if that can be done by a reasonable construction of the language used as applied to the facts of each case, and that since the

words import an immediate vesting of title, not only to the grantee in being but those not in being, and it is impossible for such vesting to take place as to those not in esse, the only consistent and rational construction is that the testator intended that the named grantee in being should take a life estate and the children, if there should be children, the remainder.

Advocates of the holding that the named living grantee takes an estate in fee go back to the rule in Wild's case, 1599, 6 Coke 16b, 77 Eng. Reprint 277, promulgated, it is reported, by all the judges of England, and known as the "First Resolution in Wild's case," which not only states the rule but some of the reasons therefor, and which is ". . . of one deviseth lands to another and to his children or issue, and he hath not any issue at the time of the devise, the same is an estate tail; for the intent of the devisor is manifest and certain that the children or issue should take; and, as immediate devisees, they cannot take because they are not in rerum natura, and by way of remainder they cannot take for that was not his intent, for the gift is immediate; therefore, such words shall be taken as words of limitation." The later cases fix the effective date of a will at the death of the testator and not the date of the will.

The annotator of the note in 114 A. L. R., page 618, states the rule, both where there are and are not children in esse on the effective date of the conveyance, in this language: "The expression 'children', or 'children of her body', used in a deed, ordinarily signifies a life estate with remainders, rather than a fee conditional, because such words, in their ordinary signification, are words of purchase and not of limitation. A deed to A and her children will convey a fee conditional, however, if at the time of the deed A has no children in esse, because by the nature of the grant the gift is immediate to persons not in being, and therefore is used in a descriptive sense as a term of limitation equivalent to 'heirs of the body'," citing Dillard v. Yarboro, 77 S. C. 227, 57 S. E. 841. Also, it is said

at page 619 that "The term 'bodily issue' in a deed signifies an intent to convey an estate in fee and is a phrase of limitation and not of purchase," citing Antley v. Antley, 132 S. C. 306, 128 S. E. 31. In Tiffany, Real Property (Abridged Ed.), page 46, it is said, "An intention that the word (children) shall take effect as a word of limitation is presumed from the fact that A has no children at the time of the devise, since otherwise his children would take nothing, and in such case, at common law, A takes an estate tail, this being the rule in Wild's case. In States where a fee tail has been converted into a fee simple, or otherwise changed, the devisee will take a fee simple or such other estate as the statute substitutes." See Wills v. Foltz, 61 W. Va. 262, 56 S. E. 473, 12 L. R. A. (N. S.) 283; Sumpter v. Carter, 115 Ga. 893, 42 S. E. 324, 60 L. R. A. 274; Moore v. Gary, 149 Ind. 51, 48 N. E. 630; Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289.

On the other hand, Restatement of the Law, and other authorities, accept the life estate and remainder rule. However, it is noted that in many of these cases words are used conveying a different meaning from that conveyed by the words here, or a trust was created, as was the situation in Turner v. Ivy, 5 Heisk. (Tenn.) 222, largely relied upon by appellants.

This court has not passed upon this exact question, although it has adopted the principle announced by the Second Resolution in Wild's case to the effect that where there is a grant or devise to a person and his children or issue, and such person has issue in being at the effective date of such grant or devise, the named grantee and such existing children take an immediate estate as tenants in common. Reddoch v. Williams, 129 Miss. 706, 92 So. 831, 832; Section 834, Code 1942. In that case the devise was to Mrs. Cowan "and her children now living or hereafter born." Mrs. Cowan never had but two children, both living at the date of the codicil and when testator died. Mrs. Cowan had also died; therefore, there was no possibility of other children. It was contended by ap-

pellee that the foregoing provision devised a life estate to Mrs. Cowan, remainder to her two children. The Court held that this vested a fee-simple title in Mrs. Cowan and her two living children as tenants in common, the policy of our law preferring estates in common to joint estates. Section 834, Code 1942. The court used this language, "While there is a minority view to the effect that, where a devise includes unborn children, the contention of the appellee is correct, yet the vast majority of the courts hold, and in our judgment the sound view is, that the fee is devised to them as tenants in common."

We think the sounder view, and the one which best accords with the law and public policy of this state is, that where a grant or devise is made to one and his children, or issue, or the children or issue of his body, or equivalent words, and the named person has no child at the effective date of the instrument, that the named person takes a fee-simple title to the property conveyed or devised, unless the instrument by express words or necessary implication, shows a clear intent to create a life estate in the named person, remainder to after-born children or issue. This court has already said in the Reddoch case, supra, that the natural meaning of the provision here under consideration is to convey, not a life estate with remainder, but a fee in common to those living. To now hold the provision creates a life estate with remainder would be exactly contrary to that. The view we have adopted simplifies the question. Suppose in the Reddoch case there had been after-born children. Would that have changed Mrs. Cowan's fee to a life estate and that of existing children to a remainder? Could some have had a fee and others a remainder? What would have been the interest of the after-born children? Can the nature of the estate be changed each time a child is born? It is rather a simple matter for a grantor, if he desires to create a life estate with remainder, to use words doing that. It must be remembered that we are now dealing with words which

this Court, together with a great majority of the courts, has said convey an immediate estate in fee simple.

The relation of life tenant and remainderman is not favored under our land title and economic system. It is common knowledge, as is also shown by the reported cases of this Court, that such relation very frequently engenders disputes, contests, litigation and bitterness between the parties; that it greatly restricts and hampers the use and handling of the property and reduces the income therefrom, and to a large extent takes the property out of the channels of sale and commerce. Some of these disadvantages are illustrated by the case at bar. It is shown that since Katherine Waits has had possession of the property the income therefrom has barely paid the taxes, insurance and repairs thereon. In other words, it has produced no net income. It is further shown that, under the unusual conditions now existing, there is an opportunity to sell it at nine thousand dollars. Now, other children may be born to Mrs. Ewing. If such possible issue has a vested interest in this property, this sale cannot be effectuated, because, of course, it cannot now be known whether there will be future issue, when they will be born, or the number, nor what estate Mrs. Ewing and her two living children now have, or what interest they and the after-born children may have in the property. This means the property can never be sold and title conveyed until the death of Mrs. Ewing, or at least, until such time as it is impossible for issue to be born to her. The net result of that situation is the property, judging by past experience, is practically worthless. This does not mean, of course, that our law prohibits the creation of the relation of life tenant and remainderman. It does mean, however, that we should not strive for a construction to bring about such relation. If one wishes to create the relation, he can do so by apt words, or by necessary implication from those used. We are dealing with words which do not do that, but, on the contrary,

by their common, ordinary meaning, convey and vest, directly and immediately, an estate in common.

And we think also that even though we adopted the life tenant-remainderman rule that there are other recitals in this deed, when applied to the facts of this case, which would take it from under such rule. When the deed was executed Katherine Waits was only sixteen years of age and unmarried. It was problematical whether she would ever have children. She was the only child. Apparently her parents were then elderly people and knew they would never have other children. It was but natural that their love and earthly hopes clung about her. Henry Ward Beecher once said "There is no friendship, no love, like that of the parent for the child," and Addison, contrasting the love of parents for each other and for their sons and that for their daughters, used this expression, ". . . but in that (love) to our daughters there is something which there are no words to express." The consideration for this deed was the love and affection the parents had for their daughter. They said that in the deed. The shadowy hope that some day she would bear children might have been a motive, but certainly was not a consideration, for the execution of this deed. The circumstances surrounding the parents when this deed was executed, in connection with the consideration expressed therein, show there was no implied intent, as there certainly was no expressed one, to limit her estate in the property to that of life.

Affirmed.

## DISSENTING OPINION.

**Smith, C. J.,** delivered a dissenting opinion.

I am unable to concur in the decision just rendered.

The word "children" in this conveyance is not, and cannot be construed to be, the equivalent of the word "heirs," and the only effect here of the words, "of her body," is to clearly exclude adopted children from the benefit

of the deed, so that the quality of the estate here conveyed is the same as it would have been had the words, "of her body," been omitted from the deed.

At common law the word "children," in a deed to "A. and his children," is not a word of limitation, but of purchase; and unless there is something in the deed to the contrary, it conveys either a fee simple to A and his children as co-tenants (tenants in common, under Sec. 834, Code 1942) or a life estate in A, with remainder to his children; the first, if A has children when the deed is executed, the second, if he has no children then. The first branch of this rule was acted on by this Court in Brabham v. Day, 75 Miss. 923, 23 So. 578, and Reddoch v. Williams, 129 Miss. 706, 92 So. 831. It has had no occasion heretofore to consider the second. Both branches of this rule are well established by authorities, 3 Rest. Property, Sec. 283, and we have no statute to the contrary. What the court has here done is to reject the second branch of this rule, and substitute another for it, on the theory that "the relation of life tenant and remainderman is not favored under our land title and economic system." I do not know what this means nor on what authority it is based, certainly on nothing in our State or Federal Constitutions and laws. That relation was recognized and protected by the common law of England when it was taken over by us and has been by this Court and its two predecessors since our judicial system was organized under our Constitution of 1817. Moreover it is recognized and permitted by our statutes among which are those now appearing in Miss. Code of 1942 as Sections 657, 835, 836, 838, 839, and 905, under which a landowner has the absolute right to convey or devise his land to one for life, with remainder to another.

Most, if not all, of the apparent conflicts in the decisions dealing with conveyances of this character, are caused by some courts finding, or, as here, thinking they have found, something in the conveyances before them requiring a contrary decision.