HUGH BRANTON *v.* B. B. BUCKLEY ET AL.

[54 South. 850.]

1. WILLS. *Remainder. When vested.*

A devise of a remainder over after the death of the life tenant, to testators, brothers and sisters, being a gift to a number of persons not individually named, but all answering a general description, is a gift to them as a class.

2. SAME.

Generally, in the absence of a contrary intent, the persons constituting such a class are to be ascertained at the period of distribution and the application of this rule depends upon the time when the estate vested in the members of the class. If no interest vested until the termination of the life estate, then only those members of the class in being at that time, can share in the distribution.

3. VESTING OF ESTATES. *Ascertainment.*

The law favors the vesting of estates at the earliest moment, and, generally, where a contrary intent does not appear, devises to a class vest, immediately upon the death of the testator in members of

the class then in being, subject to open and let in members thereof, who may afterwards come into existence before the date fixed for the ascertainment of the members of the class.

4. WILLS. *Vested estate. Ascertainment of members.*

Where the devise to a class vests immediately upon the death of the testator, it is attended by all the incidents of a vested estate, and consequently the shares of all members of the class in existence at that time, but dying before the period fixed for the ascertainment of the members thereof, do not lapse, but devolve upon their appropriate representatives.

APPEAL from the chancery court of Jefferson Davis county.

HON. G. G. LYELL, Chancellor.

Suit by Hugh Branton et al. against B. B. Buckley et al. From a decree dismissing the bill, complainants appeal.

The facts are fully stated in the opinion of the court.

*Mounger & Mounger,* for appellants.

We submit that the question to be determined by this court is the same as that we have stated was determined by the chancellor in deciding the demurrer in this case. It is this: Whether the direction of the will to the effect "after her (the testator's widow) death, that is to be divided share and share alike to my brothers and sisters," meant all the brothers and sisters of deceased, or whether it meant only those living at the time of the termination of the life estate.

Our contention is that the testator gave a life estate to his wife with remainder to his brothers and sisters, meaning thereby, those living at the time of his, the testator's, death. We think that this position is supported both by reason and by the authorities.

In volume 24 at page 382 of the American and English Encyclopedia of Law, under section "C" subsection "2" under the title "Remainders to Class," we find the following language:

"The general rule is that in the absence of a contrary intent, a remainder limited to a class vests in such of the objects as are *in esse,* and answer the description at the death of the testator or the delivery of the deed, subject to open and let in any that may be afterwards born before the determination of the particular estate," etc., and in the latter part of the same paragraph at the top of page 383 the paragraph is concluded with this language:

"The will, however, may disclose an intent not to give a vested interest. This is effected by words of contingency as to the persons who shall take, e. g., a devise to A, remainder to his children living at the time of his death."

Volume 73 American State Reports, beginning at page 413.

Survivorship in a class is usually construed with reference to the death of the testator, so as to give the representatives of such of the class as die after the testator the right to share in the devise or bequest to the class: *Mowatt* v. *Carow,* 7 page 328, 32 Am. Dec. 641.

"Where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or the children of any other person, such gift will embrace not only the persons living at the death of the testator, but all who may subsequently come into existence before the period of distribution. This rule is also firmly established and universally recognized. It is only in the application of the rule that any difficulty arises."

"It is the policy of the law that estate should vest at the earliest possible moment, and no remainder will be construed contingent which may, consistently with the intention, be deemed vested: *Hovey* v. *Nellis,* 98 Mich. 374.

*Ducker* v. *Durnham* (Ill.), reported in 37 American State Reports at p. 135; *Rudolph* v. *Rudolph* (Ill.), re-

ported in 99 American State Reports, at page 211, 6 Wall.
458, 481; *Doe* v. *Perryn,* 3 T. R. 495.

We therefore submit and insist as follows:

That since the persons to take under the will were in
being, were ascertained and certain, and were to take
absolutely upon the death of the widow, and this was an
event which must unavoidably happen by the efflux of
time, the brothers and sisters in being at the time of the
death of the testator, had a fixed right of property and
the period of enjoyment only was deferred and uncer-
tain. This interest was a vested interest and was there-
fore transmissible.

*Cassidy & Butler,* for appellee.

Appellants contend that under the will the widow had
a life estate and that the brothers and sisters of the tes-
tator took a vested remainder and that the class must
be determined as of the date of the death of the testator,
and therefore the heirs of Emily Farrell take one part.
The question discussed by counsel for appellant with
reference to the construction of the will cannot be
reached as we will endeavor to show.

The rule is that this court will assume in the absence
of an affirmative showing to the contrary, by the record,
that the decree of the lower court on the merits was cor-
rect and was based upon competent and sufficient testi-
mony, and if the decree on the final hearing was correct,
it is wholly immaterial whether the demurrer was right-
fully sustained, for these two defendants must stand or
fall by whatever title appellee has or had.

Should the court be of the opinion, however, that this
case as it now stands necessarily presents the question
of the construction of the will then in that case we say
the decree of the court follows the clear intent of the
testator.

It was the belief of the chancellor that the testator
intended for his sisters and brothers living at the time

of his widow's death should take the property, and this construction was reached by construing the will and the will alone together with the circumstances surrounding the testator at the time. There is here no claim that the testator could not so provide if he so desired. To the contrary, the case cited by the appellant all hold that such is the law.

"Survivorship in a class is usually (but not always) construed with reference to the death of the testator so as to give the representatives of such of the class as die after the testator the right to a share of the devise or bequest to the class" citing *Mowatt* v. *Carow*, p. 328, 32 Am. Dec. 641, if the gift is immediate this is necessarily so, if the gift is contingent survivorship, is reckoned from the happening of the contingency." So that if the testator intended for the brothers and sisters living at the death of the widow to take he could so provide.

*Hovey* v. *Netles*, 98 Mich. 374; *Mowatt* v. *Carow*, 32 Am. Dec. p. 646; *Doe* v. *Brabant*, 4 T. R. 709.

*J. C. Carlton,* for appellee.

We take it, that it will not be disputed, that the devise, insofar as the "brothers and sisters" were or are concerned, was a devise to a class, which has been defined to be, "a gift to a number of persons not named, who are included and comprehended under the same general description, and who bear a certain relation to the testator, 30, 2nd Ed. A. & E. Enc. L. p. 718. .

On the same page it is said: "If the gift is to a class, and one or more die before the period of distribution, the survivors only take their original shares." Where the legacy or devise to a class is not to take effect in point of enjoyment at the death of the testator, but at a subsequent time, all those who are embraced in the class at such subsequent time will be included." Citing the following cases:

Jones' Appeal, 48 Conn. 60; *Bellfield* v. *Booth,* 63 Conn. 299; *Mitchell* v. *Mitchell,* 73 Conn. 303; *Hall* v. *Hall,* 123 Mass. 124; *McLean* v. *Howald,* 120 Mich. 274; *Thomas* v. *Thomas,* 149 Mo. 426; *Cross' Estate,* 10 Pa. St. 360; *Hunt's Estate,* 133 Pa. St. 260; *Denlinger's Estate,* 170 Pa. 104; *Gurber's Estate,* 196 Pa. St. 366; *Tingley* v. *Harris,* 20 R. I. 517; *Myers* v. *Myers,* 2 McCord Eq. 256. S. C., 16 Am. Dec. 648; *Waddell* v. *Waddell,* 47 S. E. Rep. 375; *Cheatham* v. *Gower,* 94 Va. 383; *Re Williams,* 5 Ont. L. Rep. 345.

In the case of *Crawley* v. *Hendrick et al.,* vol. 2, A. & E. Annotated cases, and especially in the note thereunder, the question here involved is discussed at some length. It is in the note referred to that we find this language:

"The rule is well settled that where a bequest is made to a class of persons subject to fluctuation by increase of diminution of its number in consequence of future births or deaths; and the time of payment or distribution of the fund is fixed at subsequent periods, or on the happening of a future event; the entire interest vests in such persons only as at that time fall within the description constituting such class. As if property be given simply to the children, or to the brothers or sisters of A, equally to be divided between them, the entire subject of gift, will vest in any one child, brother or sister, or any larger number of these objects surviving at the period of distribution, without regard to previous deaths. Members of the class anticedantly dying are not actual objects of the gift."

In support of this, and other like statements in this note, the following cases are cited:

*Satterfield* v. *Mays,* 11 Hump. (Tenn.) 58; *Re Ibberson,* 88 L. T. N. S. 461; *Roundtree* v. *Roundtree,* 26 S. C. 450; *Swinter* v. *Legaire,* 2 McCord Eq. S. C. 440; *Webber* v. *Jones,* 94 Me. 429; *Demell* v. *Reed,* 71 Md. 175; *Mercer* v. *Hopkins,* 88 Md. 292; *Denny* v. *Allen,* 1 Pick.

Mass. 147; *Campbell* v. *Stokes,* 142 N. Y. No. 23; *Bisson* v. *West,* 143 N. Y. 125; *Cox* v. *Weisner,* 43 N. Y. App. Div. 591; 167 N. Y. 579; *Schwenecke* v. *Haffner* (Sup. Ct. Spec. T.) 22 Misc. N. Y. 293; *Re Baer,* 147 N. Y. 243; *Echart* v. *Wulklow,* 26 Misc. N. Y. 249; *Tingley* v. *Harris,* 20 R. I. 517; *Cole* v. *Greyon,* 1 Hill Eq. S. C. 311; *Bradley* v. *Richardson,* 62 S. C. 494; *Carnell* v. *McKenna,* 2 Shan. Tenn. 190; *Nichols* v. *Gurthy,* 109 Tenn. 535; *Nodine* v. *Greenfield,* 7 Paige N. Y. 544; *Thran* v. *Hergog,* 12 Pa. Supt. 551.

SMITH, J., delivered the opinion of the court.

Appellants, the heirs at law of Emily B. Ferrell, deceased, formerly Emily B. Wylie, filed their bill in the court below to establish their claim to an interest in, and praying for a partition of, certain land. From a decree dismissing the bill, this appeal is taken.

The land in controversy was devised by William M. Wylie to his wife for life, with remainder to his brothers and sisters; the language of his will being as follows: "To my beloved wife, I give, bequeath, and devise one-half of my real estate, to-wit: [Here describing same], and all the appurtenances situated thereon. And that she have, hold and enjoy the products and privileges of the above described lands during her natural life. And after her death that it be divided, share and share alike to my brothers and sisters."

(1) Mrs. Wylie is now dead. Appellant's ancestor, Mrs. Ferrell, was living at the death of her brother, William N. Wylie, but died prior to the death of Mrs. Wylie. This remainder over after the death of the life tenant, devised by Mr. Wylie to his brothers and sisters, being a gift to a number of persons not individually named, but all answering a general description, is a gift to them as a class.

(2) Generally, in the absence of a contrary intent, the persons constituting such a class are to be ascertained

at the period of distribution—in the case at bar, the death of the life tenant. In the will now under consideration, no such contrary intent appears. Whether appellants are entitled to a share in this estate depends upon the time when the estate vested in the members of the class. If no interest vested until the termination of the life estate, then only those members of the class in being at that time can share in the distribution.

(3) The law favors the vesting of estates at the earliest moment, and generally, where a contrary intent does not appear, devises of the character now under consideration vest immediately upon the death of the testator in the members of the class then in being, subject to open and let in members thereof who may afterwards come into existence before the date fixed for the ascertainment of the members of the class. As stated by the editor of American State Reports, in note to *Thomas* v. *Thomas*, 73 Am. St. Rep. 413: "It must be admitted that the cases are somewhat confusing on this point, failing to discriminate between a devise which vests immediately, the enjoyment of which only is postponed, and a devise which is contingent, because both the vesting in interest and enjoyment are postponed."

(4) Where the devise to a class vests immediately upon the death of the testator, it is attended by all of the incidents of a vested estate, and consequently the shares of all members of the class in existence at that time, but dying before the period fixed for the ascertainment of the members thereof, do not lapse, but devolve upon their appropriate representatives.

The foregoing views are supported by many authorities, most of which will be found collated in 2 Jarman on Wills (6th Ed.), 1667, 1668, 24 A. and E. Encyc. Law (2d Ed.), 382, 383, and note to *Thomas* v. *Thomas*, 73 Am. St. Rep. 405. The only one of our decisions bearing upon the matter which has come under our observation is *Nichols*

v. *Denny,* 37 Miss. 39, in which only one feature of the rule above announced was under consideration.

Quite a number of cases are cited in the brief of counsel for appellees as supporting their contention, but an examination of most of them discloses that they are not in point, for the reason that the courts reacked their conclusions by the aid of special features contained in the particular wills under consideration.

The judgment of the court below is reversed, and the cause remanded.        *Reversed and remanded.*