NATIONS *v.* COLONIAL & UNITED STATES MORTGAGE CO.,
LIMITED.

[76 South. 642, Division B.]

WILLS. *Construction. Interest devised.*

Where a testatrix devised to her two daughters the balance of
her estate, real and personal, and provided that in case of their
death, the children of each should inherit their mother's shares
respectively, and in the case of the death of one without chil-
dren, then the whole of the estate to go to the other, and in
case of the death of both without children, the estate to go to
the brothers and sisters of testatrix, then living. The con-
tingency provided against was the death of either one of the
daughters during the lifetime of the testatrix, and in the event
of the daughters' survival of the testatrix they took a fee sim-
ple, regardless of the provisions of Code 1906, sections 2764-
2765-2776-2778.

APPEAL from the chancery court of Tallahatchie county.
HON. JOE MAY, Chancellor.

Bill by Bessie Maybelle Nations, a minor, by her next
friend, against the Colonial & United States Mortgage
Company, Limited and others. From a decree sustaining
defendant's demurrer and dismissing the bill, complain-
ants appeal.

Sections 2764, 2765, 2776, and 2778, Code of 1906, refer-
red to in the opinion, are as follows:

Section 2764: "Words of Inheritance Not Necessary.—
Every estate in lands granted, conveyed, or devised, al-
though the words deemed necessary by the common law
to transfer an estate of inheritance be not added, shall be
deemed a fee simple if a less estate be not limited by ex-
press words, or unless it clearly appear from the con-
veyance or will that a less estate was intended to be
passed thereby."

Section 2765: "Estates in Fee Tail Prohibited.—Es-
tates in fee tail are prohibited; and every estate which,

but for this statute, would be an estate in fee tail, shall be an estate in fee simple; but any person may make a conveyance or a devise of lands to a succession of donees then living, not exceeding two, and to the heirs of the body of the remainderman, and, in default thereof, to the right heirs of the donor, in fee simple.''

Section 2776: ''The Rule in Shelley's Case Abolished.—A conveyance or devise of land or other property to any person for life, with remainder to his heirs or heirs of his body, shall be held to create an estate for life in such person, with remainder to his heirs or heirs of his body, who shall take as purchasers, by virtue of the remainder so limited to them.''

Section 2778: ''Limitation on Failure of Issue.—Every contingent limitation in any conveyance or will made to depend upon the dying of any person without heirs or heirs of the body, or without issue or issue of the body, or without children, or offspring, or descendant, or other relative, shall be held and interpreted as a limitation, to take effect when such person shall die not having such heir, or issue, or child, or offspring, or descendant, or other relative, as the case may be, living at the time of his death, or born to him within ten months thereafter, unless the intention of such limitation be otherwise expressly and plainly declared on the face of the instrument creating it.''

*H. H. Creekmore* and *H. M. Baddley,* for appellant.

The devise in the fourth item of the will to Laura M. Powell, mother of appellant, is ''without any words of inheritance.'' The words, ''absolutely share and share alike,'' are not words of inheritance; they are not words of limitation; they do not define the extent of the estate devised; those words simply declare the absolute equality of the shares of the two devisees.

And it clearly appears from the face of this item of the will, that the testatrix intended to thereby devise to appellant's mother a ''less estate'' than a fee simple;

the provisions in this item for the children of the two named devisees show clearly that the testatrix intended to devise to her two daughters a life estate only, and that she intended to embrace her grand-children in the objects of her bounty, and that could be done only by limiting the devise to her daughters to a life estate.

The word "children" used in this clause of the will is used by the testatrix as a word of "purchase" and not a word of "limitation;" and the word "inherit" in this item of the will in respect to the "children" of the two named devisees is not used by the testatrix as a word of "inheritance" but as a word of "purchase" and was used in the sense of to "go to or belong to."

It is absolutely clear from the fourth item of Mrs. Frank's will that she intended to and did thereby devise to Mrs. Nations a life estate only in the land, with remainder in fee to appellant, and the mortgage of defendants' is as to her absolutely null and void. Code 1906, secs. 2764, 2765, 2776, 2778; *Banking Co.* v. *Field,* 84 Miss. 646, 37 So. 139; *Busby* v. *Rhodes,* 58 Miss. 237; *Halsey* v. *Gee,* 79 Miss. 193; *Tate* v. *Townsend,* 61 Miss. 316.

*J. S. Watson,* for appellee.

The case is thus narrowed down to the single question: What interest did Laura M. take in "the whole estate" under clause 3? Our answer is that she took the fee. Opposing counsel insist that she took only a life estate with a contingent remainder in fee to any child or children she might leave surviving her.

Unless the fee devised by clause 1 to both of the daughters, and by clause 3 to the survivor of the two, the other dying without children, is reduced to a life estate by clause 2; the complainant is out of court and we shall now undertake to show that clause 2 has no such effect.

Our first proposition is that the words, "and in the case of their death," under firmly established rules for

the construction of wills refer to the contingency of their death in the life time of the testatrix.

In support thereof, we cite the following authorities: 40 Cyc. App. 1499-1500; Ib. 1500-01; Ib., pp. 1505-06; 30 Am. & Eng. Ency. of Law, p. 785; Ib., p. 808; *Stone* v. *McEckron,* 57 Conn. 194, 17 Atl. 852; *Antioch College* v. *Bronson,* 145 Ind. 312, 44 N. E. 314; *Wright* v. *Charley,* 129 Ind. 257, 28 N. E. 706; *Moore* v. *Gary,* 149 Ind. 51, 48 N. E. 630; *Morgan* v. *Robins,* 159 Ind. 362, 53 N. N. 283; *Teal* v. *Richardson,* 160 Ind. 119, 66 N. E. 435; *Fowler* v. *Duhne,* 143 Ind. 248, 24 N. E. 623; *Collins* v. *Collins,* 116 Iowa, 703, 88 N. W. 1097; *Tarbell* v. *Smith,* 125 Iowa, 388, 101 N. W. 118; *Vanderzee* v. *Slingerland,* 103 N. Y. 47, 57 Am. Rep. 701; *In Re N. Y. L. & W. H. Co.,* 105 N. Y. 89; *Benson* v. *Corbin,* 145 N. Y. 359; *Mickey's Appeal,* 92 Pa. 514; *McAlpin's Estate,* 211 Pa. 26; *Myers* v. *Walker,* 214 Pa. 440; *Neubert* v. *Coldwell,* 219 Pa. 248; *Meacham* v. *Graham,* 98 Tenn. 569, 111 S. W. 1119; *Smith* v. *Smith,* 157 Ala. 79, 25 L. R. A. (N. S.), 1051; *Smith* v. *Smith,* 25 L. R. A. (N. S.), 1963; 3 Jarman on Wills, p. 605-9; *Katzenberger* v. *Weaver,* 110 Tenn. 620.

There is another well-recognized rule, if your honor please, which requires clause 3 of Mrs. Frank's will to be construed as referring to the death of the first taker during the lifetime of the testator. I quote from the very elaborate and extensive note already referred to. ''A well-developed exception of the rule which considers a gift over effective upon the death of the first taker without children or issue whenever it may occur, exists where the gift in absolute terms is followed by limitations over, both in event of death leaving issue and in event of death without issue as to the first taker, meaning death either with or without issue. It is necessary in order to give due effect to the words of absolute gift to restrict the contingency to the period before the primary gift takes effect.''

The discussion of this rule, and authorities cited in its support begins on page 1100 and ends on page 1106 of 25 L. R. A. (N. S.) to which your honors are respectfully referred. 25 L. R. A. (N. S.) p. 1173.

Your honor will also observe that by clause 1 the testator devised her entire estate, both real and personal absolutely to her two daughters, share and share alike, and if the contention of opposing counsel is correct that the words in clause 2 "in case of their death, the children of each shall inherit their mother's shares respectively," and the language of clause 4 that "in case of the death of both without children, her estate should go to her brothers and sisters then living," meant death at any time either before or after the death of the testator, it would involve the absurdity of reducing the interest of the primary donees to a life estate even in the personalty which certainly no court would tolerate.

We respectfully submit that under clause 3 Laura M. took the entire estate, both real and personal, in fee, and that the decree of the lower court sustaining the demurrer and dismissing the bill was correct and should be affirmed.

Cook, P. J., delivered the opinion of the court.

We avail ourselves of the succinct statement of the case and the point to be determined upon this appeal appearing in appellee's brief, viz.:

"This is an appeal from a decree of the chancery court of Tallahatchie county, Miss., for the Second judicial district, sustaining the demurrer of the defendants and dismissing the complainant's bill.

"Appellant alleges in her bill that on the 24th day of October, 1904, her grandmother, the late Mrs. Mattie E. Frank, was the owner in fee of certain lands mentioned in the bill; that on that date she made and published a last will and testament; that she died at her home in Yallobusha county, Miss., on the —— day of March,

1908; that said will was thereupon admitted to probate by the chancery court of Tallahatchie county, Miss.; and that thereafter, to wit, on December 11, 1911, a duly authenticated copy of said will was recorded in the record of wills for the Second judicial district of Tallahatchie county (in which county the said lands lie).

"The bill further alleges: 'That by the terms of said last will and testament Mrs. Mattie E. Frank devised and bequeathed to her daughters, Miss Laura M. Powell and Miss Mary Adelle Powell, all of her real estate, including the lands hereinabove described, share and share alike, with the provision that in case of their death the children of each, the said Laura M. Powell and Mary Adelle Powell, should inherit their respective shares, and, in case of the death of one of them without children, then the whole of the estate devised should go to the other.'

"The bill further alleges that the said Mary A. Powell died before her mother, the testatrix, and that she died childless; that the said Laura M. Powell survived her mother, and, subsequent to her mother's death, married Wilson B. Nations; that on the 25th day of March, 1915, the said Laura M. Nations and her husband, Wilson B. Nations, executed and delivered a deed conveying said lands to Harrison Holt, as trustee, one of the defendants, for the benefit of the Colonial & United States Mortgage Company, Limited, the other defendant, to secure the payment of an alleged debt of three thousand five hundred dollars, principal, and ten interest notes of two hundred and sixteen dollars each, which said deed of trust is of record in the office of the chancery clerk of the Second district of Tallahatchie county, Miss., in Book 7, p. 418; that shortly thereafter, to wit, on the 22d day of April, 1915, the said Laura M. Nations (née Powell) died, leaving only one child, the complainant; and complainant's claim is that her mother, the said Laura M. Nations, the sole legatee and devisee under the will of the said Mattie E. Frank (the said Mary

Adelle Powell having predeceased the testatrix), took only a life estate in the property devised, and that at her mother's death title in fee passed to complainant, her only child.

"The prayer of the bill was that a decree might be entered canceling and holding for naught the said deed of trust described in the bill as a cloud upon the title of complainant to the lands covered by said trust deed, and for a writ of injunction enjoining the defendants, and each of them, their assigns, successors, agent, and attorneys, from attempting to assert any claim under the said deed of trust, and for general relief.

"On the other hand, defendants based their demurrer upon the proposition that the said Mary Adelle Powell having died without children during the lifetime of the testatrix, her codevisee, the said Laura M. Powell, under the provisions of said will, took the whole estatte in said lands in fee—from which the court will see that the only question in the case is the proper construction of the will of Mrs. Mattie E. Frank.

"As shown by the will, a copy of which is filed with the bill as 'Exhibit A,' the exact language of paragraph 4, as to the construction of which opposing counsel so radically differ, is as follows: '(4) I will and bequeath to my daughter, Miss Laura M. Powell and Miss Mary Adelle Powell, the balance of my estate, real and personal of every kind and description, absolutely share and share alike, and in the case of their death, then the children of each of the said Laura M. Powell and Mary Adelle Powell shall inherit their shares respectively, and in case of the death of one without children, then the whole of my estate shall go to the other, and in case of the death of both without children then my estate shall go to my brothers and sisters then living.' "'

Appellant seems to assume that our statutes control the construction of this will, and that, because of our statutes, sections 2764, 2765, 2776, and 2778, Code of 1906, the chancellor misinterpreted the will.

We are of opinion that the chancellor did not err, and that the sections of the Code referred to are not inconsistent with the construction adopted by him.

This court, in *Sims* v. *Conger,* 39 Miss. 310, 77 Am. Dec. 671, said:

"The rule is well settled, by numerous cases, that in a bequest to A., and 'in case he dies,' or 'in the event of his death,' simply, without further words of contingency, over to B., the contingency intended is the death of A. before the testator; and hence, if A. survived the testator, that he takes absolutely. The reason of this rule is that death, being a certain and inevitable event at some time, cannot be supposed to be the contingency really intended by the testator, and therefore that construction must be resorted to to ascertain the contingency contemplated; and as no reasonable contingency can be suggested to the mind from the words used, but that of the legatee dying before the testator, that is adopted as the contingency intended in such cases. *Hinkley* v. *Simmons,* 4 Ves. Jr. 160; *King* v. *Taylor,* 5 Ves. Jr. 806; *Cambridge* v. *Rouse,* 8 Ves. Jr. 12; *Webster* v. *Hale,* 8 Ves. Jr. 410; *Ommaney* v. *Beavan,* 18 Ves. Jr. 291; *Wright* v. *Stephens,* 4 Barr. & Ald. 674. These are cases where the terms of contingency are simply the death of the first taker and a limitation over in that event.

"In some cases, the death of the first taker has been held to mean his death at any time, notwithstanding the terms of limitation were simply 'upon his death.' But this has been by reason of other expressions or dispositions in the will, indicating that such was the intention or justifying such interpretation."

For other authorities, see 40 Cyc. 1499 et seq.; 30 A. & E. Ency. of Law, 785.

*Affirmed.*