BIBBY ET AL. *v.* BROOME ET AL.

[76 South. 835, Division A.]

1. WILLS. *Construction.*

A will reading "I give to J. P. R. (my adopted son) his natural life, my dwelling and all land I now possess except, etc., and upon his death to his children, if any, and if he should die without leaving any living children, or should die with children and they should die, thereupon or at their death, etc., to be equally divided between C. C. & S." gave an estate for life to J. P. R. with remainder in fee to his children, as provided by Code 1906, section 2764, and there being children, C. C. and S. would receive nothing, unless J. P. R. and his children should die before the testatrix; the rule being that, where the death of persons is dealt with as an uncertain event, it is presumed that not their death alone is meant, but at a particular time or under particular circumstances, and where it does not appear that such death was meant under particular circumstances, it will be presumed that the death should occur prior to the death of the devisee before the vesting in him of the property in possession, and to hold otherwise than that under this will the death should occur before the death of the testatrix would render the devise to C. C. and S. void for uncertainty.

2. PERPETUITIES. *Devise for more than two lives. Code* 1906, *Section* 2765.

Under Code 1906, section 2765, Hemmingway's Code, section 2269, providing that a conveyance or devise can be made in succession to two lives in being, then to the heirs of the body of the remainderman or right heirs of the donor, in fee simple, where the third in succession is not such an heir, the grant or devise is void, since such statute governs all grants and devises to a succession of donees in so far as the number, thereof and the class to which the last donee must belong is concerned and a grant or devise in violation of it is void.

3. PERPETUITIES. *Burden of proof. Code* 1906, *Section* 2765.

Under Code 1906, section 2765, Hemmingway's Code, section 2269, providing that a conveyance or devise can be made in succession to two lives in being then to the heirs of the remainderman or right heirs of the donor; the rule is that, unless and until the contrary appears the third donee will be presumed to be

within one of the classes referred to in the statute. In other words, the burden of proving that such a donee is neither an heir of the body of the remainderman nor a right heir of the donor, is upon him who seeks to avoid the grant or devise for that reason.

APPEAL from the chancery court of Tallahatchie county.

HON. JOE MAY, Chancellor.

Bill to quiet title by Bessie C. Bibby and others against C. H. Broome and others. From an order sustaining a demurrer to the bill, plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*McLean & Carothers* and *R. L. Cannon,* for appellant.

*J. C. Wilson* and *Tim E. Cooper,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellants exhibited their bill in the court below, praying that appellees' claim to certain land be canceled as a cloud upon their title thereto. A demurrer to the bill filed by appellees was sustained and the bill dismissed. The facts, as they appear from the bill, are that Mrs. S. O. Rhew died in 1880, seised and possessed of the land in controversy, leaving a will by which she devised it as follows:

"I give to Jas. P. Rhew (my adopted son) his natural life, my dwelling and all the land I now possess, except that herein donated or given to Miss Sarah Lee, and upon his death to his children, if any, and if he should die without leaving any living children or should die with children and they should die, thereupon or at their death, the dwelling, the land and all the improvements and appurtenances thereto belonging to be equally divided between Jodie Calhoun, Bessie Calhoun, and Sue Lee Cossar"

—who, it is admitted by the bill, are heirs of neither Jas. P. Rhew nor of his children nor of the testatrix.

In April, 1881, Jas. P. Rhew died, leaving three children, Jas. W., Julian P., and Emmitt Rhew, surviving him; the two first named having been born during Mrs. S. O. Rhew's lifetime, and the last named having been born about six months after her death. In April, 1905, Julian P. Rhew conveyed his interest in the land to his brother Jas. W. Rhew, and appellees claim title by means conveyances from Jas. W. and Emmit Rhew. Jas. W. Rhew died in 1908, but Julian P. and Emmit Rhew are still living.

Appellants claim as ultimate limitees in the will of Mrs. Rhew a two-thirds interest in the land therein devised; that is to say, the interest therein of Jas. W. and Julian P. Rhew; but if mistaken as to the interest devised to Julian P. Rhew, who is still living, then that they are entitled to the one-third interest devised to Jas. W. Rhew, deceased. According to appellee's construction of the will, the devise is to Jas. P. Rhew for life, with remainder to his children in fee, with a limitation over to Jodie Calhoun, Bessie Calhoun, and Sue Lee Cossar, contingent upon either of two events: First, the death of Jas. P. Rhew without children surviving him, and, second, in event Jas. Rhew should die leaving children, then upon both his and his children's death during the life of the testatrix.

According to appellants' construction of the will, the devise is to Jas. P. Rhew for life and, in event he should die without children surviving him, to Jodie Calhoun, Bessie Calhoun, and Sue Lee Cossar in fee; but in event he should die leaving children, and both he and they should survive the testatrix, then upon his death to his children for life, and upon their death to Jodie Calhoun, Bessie Calhoun, and Sue Lee Cossar in fee.

Should appellants' construction of the will be accepted, two further questions are raised by appellees: (1) Does this limitation over to Jodie Calhoun, Bessie Calhoun, and Sue Lee Cossar violate the second clause of section 2269, Hemingway's Code (section 2765, Code

1906) which provides that, "any person may make a conveyance or a devise of lands to a succession of donees then living, not exceeding two, and to the heirs of the body of the remainderman, and in default thereof, to the right heirs of the donor, in fee simple"? and if not, then (2) Does this limitation over take effect as each of the children of Jas. P. Rhew shall die? or only upon the death of all of them?

By this will an estate for life to Jas. P. Rhew, with remainder in fee to his children, if any, is devised in clear and unmistakable language, as follows:

"I give to Jas. P. Rhew, my adopted son, his natural life, my dwelling and all the land I now possess, . . . and upon his death to his children, if any."

See section 2764, Code of 1906 (section 2268, Hemingway's Code).

The fee thus devised to Jas. P. Rhew's children may, of course, be cut down to a life estate by a subsequent provision of the will clearly expressing the testatrix's intention so to do. The language of the will which appellants claim has this effect is that immediately following the limitation over in event Jas. P. Rhew "should die without leaving any children," and is as follows: "And if he . . . should die with children and they should die, thereupon or at their death" to Jodie Calhoun, Bessie Calhoun, and Sue Lee Cossar. By this provision of the will the property devised is to go to the ultimate limitees in event of the death of the children of Jas. P. Rhew at a time not clearly expressed in the will and which must be ascertained, if at all, by construction.

The death of the children of Jas. P. Rhew is here dealt with as an uncertain event, and, since it would be absurd to speak of death, the one event which is sure to occur to all persons, as uncertain and contingent, we must presume that the testatrix meant not their death alone but their death at a particular time or under particular circumstances, and the rule, under numerous author-

ities, is that where a, devise is followed by a limitation over in case the devisee should die, and it does not appear that the testator meant death under particular circumstances, it is presumed that he meant the death of the devisee before the vesting in him of the property in possession. In other words, where the devise is to A., and in case of his death to B., the gift over to B. will take effect only in event of A.'s death before that of the testator's; but if the devise is to A. for life, with remainder to B., and in case of B.'s death to C., the gift over to C. will take effect in event B. dies at any time before the death of A., whether prior or subsequent to the death of the testator. *Sims* v. *Conger,* 39 Miss. 231, 77 Am. Dec. 671; *Nations* v. *Mortgage Co.,* 76 So. 642; *Edwards* v. *Edwards,* 15 Beav. 357; 20 Am. & Eng. Enc. of Law, 708; 3 Jarman on Wills (6th Ed.) 2144.

The will contains no words indicating that the testatrix intended the gift over to take effect on the death of these children under any particular circumstances, as for instance, their death without issue, so that of necessity, as well as under the rule hereinbefore referred to, we must presume that she meant their death at a particular time. She could have meant their death at any of three periods of time: First, at any time; second, prior to the death of their father, the life tenant; or, third, prior to the death of the testatrix. She clearly did not mean the first, for that was an event certain to happen, and she dealt with it as an event which might or might not occur. The second is excluded by the express language of the will. So we must presume that she meant their death during the only other period of time that can be conceived of in this connection, to wit, death during her own lifetime. In other words, by the language here used she was providing for the disposition to be made of her property in event neither Jas. P. Rhew nor his children survived her.

But if we should be mistaken in holding that the event here meant is death during the lifetime of the testatrix,

then the time at which the death of these children is to occur, in order for the limitations over to take effect, cannot be ascertained, and the limitation over is void for uncertainty; for it cannot in the very nature of things, become effective until the event upon which it is conditioned is shown to have occurred, from which it would follow that the prior devise to the children of Jas. P. Rhew would not be in any way affected thereby, so that, under either construction of the will, on the death of Jas. P. Rhew his children became the owners of the property not for life, but in fee simple absolute.

But, conceding for the sake of the argument that, as claimed by appellants, the devise is to Jas. P. Rhew for life, and on his death to his children for life, and on their death to Jodie Calhoun, Bessie Calhoun, and Sue Lee Cossar, the same result must follow; for they are neither heirs of the body of the remainderman, nor right heirs of the donor, consequently the limitation over to them violates the second clause of section 2765, Code of 1906 (Hemingway's Code, section 2269). Whether this clause of that section was intended as a substitute for, or as only an amendment to, the common law rules with which it deals is not here material, for in either case it must, of course, control wherever its provisions are applicable. Nor are we here concerned with the effect of the statute upon the time within which estates granted or devised to be enjoyed in the future must vest. The question here presented is simply this. Is this limitation over to Jodie Calhoun, Bessie Calhoun, and Sue Lee Cossar void for the reason that it is preceded by a succession of two donees, they—that is, Jodie Calhoun, Bessie Calhoun, and Sue Lee Cossar—being neither heirs of the body of the remainderman, nor right heirs of the donor? The statute on its face is plain, and becomes ambiguous, if at all, only when it is sought to restrict its operation to grants and devises of a specific character which it is sometimes claimed, as here, that its draftsman had only in mind. On its face, it plainly governs all grants and devises to a suc-

cession of donees in so far as the number thereof and
the class to which the last donee must belong are con-
cerned, and a grant or devise in violation of it is void.
Under it a grant or devise may be made to a succession
of three donees, the first two of whom must be living
when the grant or devise is made, and the third must
take in fee and be one or more of the heirs of the body
of the remainderman, or one or more of the right heirs
of the donor. *Cannon* v. *Barry,* 59 Miss. 289; *Banking
Co.* v. *Field,* 84 Miss. 646, 37 So. 139. From which it
clearly follows that, since Jodie Calhoun, Bessie Cal-
houn, and Sue Lee Cossar are not within either of the
classes from which the statute provides that the third
donee must come, the limitation over to them is void.

*Busby* v. *Rhodes,* 58 Miss. 237, is cited by counsel for
appellants as holding that the third in a succession of
three donees need not be one of the classes referred to
in the statute; but that case cannot be so construed, for
as appears from the original record, it was tried upon
an agreed statement of facts, from which it does not ap-
pear what relation, if, any, the ultimate limitees bore to
the remainderman or to the donor, the agreement being
wholly silent in that respect, and the rule is, on which
the court must be presumed to have then acted, that,
unless and until the contrary appears, the third donee
will be presumed to be within one of the classes refer-
red to in the statute. In other words, the burden of pro-
ving that such a donee is neither an heir of the body of
the remainderman nor a right heir of the donor is upon
him who seeks to avoid the grant or devise for that rea-
son.

The gift over to the Calhouns and Cossar being void
even under appellants' construction of the will, it is
not necessary for us to decide whether, if valid, it would
have taken effect upon the death of each of the children
of Jas. P. Rhew or only upon the death of all of them.
Consequently, we express no opinion relative thereto.

                                        *Affirmed.*

ON SUGGESTION OF ERROR.

SMITH, C. J., delivered the opinion of the court.

All the matters brought to our attention by this suggestion of error were carefully considered when the cause was decided, and our opinion then expressed will be adhered to.

One argument pressed then and now, to which we did not then respond, is, that if appellants' construction of the will be correct (which, for the sake of the argument, we assumed in one branch of our original opinion to be the case), and the devise to appellants is held to violate our two-donee statute, a result which the legislature could not have intended will necessarily follow, which is, that a devise of a remainder to the third in a succession of donees will not be valid in event such third donee is not of the class to which, according to the statute, the last donee must belong, when such a devise, according to Thomas v. Thomas, 97 Miss. 714, will be valid if made in such manner as to be of an executory character. We are not here concerned with whether or not the announcement in Thomas v. Thomas, that our two-donee statute does not apply to executory devises, is correct, for the devise here is not of such character, but it will not be out of place to point out that the statement in the concurring opinion of Judge CALHOUN in Banking Co. v. Field, 84 Miss., at page 667, that this statute was not intended to apply to executory devises, on the authority of which Thomas v. Thomas was decided, was neither concurred in by the other judges, nor called for by the case then before the court, for the instrument then being construed was not a will but a deed. Moreover, Thomas v. Thomas is in conflict with Jordan v. Roach, 32 Miss., at page 620, with Hudson v. Gray, 58 Miss. 882, and with Henry v. Henderson, 101 Miss. 751, 103 Miss. 48. In the first of these cases one of the grounds upon which the executory devise there under consideration was held void was that it violated this statute;

in the second, such a devise was held void solely for that reason; and in the last it was assumed that the statute applied and that the executory devise there under consideration would be void if in violation of it.

The devise in *Thomas* v. *Thomas* to the testatrix's grandchildren violated neither the statute nor the rule against perpetuities, so that the holding therein that the statute does not apply to executory devises was not necessary, for, as construed by the court, the devise was in trust for the benefit of the testatrix's two sons, R. L. and J. M. Thomas (the devise to F. G. Thomas having lapsed because of his death without issue during the testatrix's lifetime), and after their death to those of their children who should reach the age of twenty-one years, the children of each "to have their father's *pro rata* part," and in event all of the children of either of the testatrix's sons should die before reaching the age of twenty-one, that portion of the property which would have been their share to then go to the children of her other son who should reach that age; so that under no possible construction could the devise to the testatrix's two sons for life, assuming for the sake of the argument that they were donees within the meaning of the statute, have been held to be a succession of more than two donees, the ultimate limitees were within both of the statutory classes and the estate devised to them must have vested, under any possible state of facts, within twenty-one years and ten months after the death of the two first donees, both of whom were living at the testatrix's death, *Cannon* v. *Barry,* 59 Miss. 289. Moreover, this limitation over to the testatrix's grandchildren was not an executory devise but was a contingent remainder, *Festing* v. *Allen,* 12 Mees. & W. 279, 152 English Reports, Reprint, 1204; Kales Cases on Future interests, 108; *Alexander* v. *Alexander,* 16 C. B. 60, 139 English Reports, Reprint, 677.

                                       *Overruled.*