## ALLEN *v.* ALLEN.*

(Division B.    Jan. 3, 1927.)

[110 So. 685.    No. 25836.]

1. WILLS.    *The law favors vesting, and, in absence of contrary intention, devise to class vests immediately on testator's death.*

   The law favors the vesting of estates at earliest possible moment, and, in absence of contrary intention, devise to class of persons vests immediately on testator's death in members of class then in being, subject to open up and let in members of class who may afterwards come into being before date fixed for ascertainment of members.

2. WILLS.    *Under will devising remainder to life tenant's children, remainder vested in child in being at testator's death and another child subsequently born.*

   Under will devising life estate with remainder to children, remainder of estate *held* to have vested in child in being at testator's death and another child born thereafter.

---

*Corpus Juris-Cyc. References: Wills, 40Cyc, p. 1476, n. 95, 98; p. 1651, n. 83; p. 1675, n. 63; p. 1676, n. 64. As to time of ascertaining member of class described in testator's "heirs" "next of kin" "relation" etc., to whom an estate in real or personal property is limited by way of remainder or executory gift, see annotation in 33 L..R. A. (N. S.) 1; 28 R. C. L. 264; 4 R. C. L. Supp. 1810.

APPEAL from chancery court of Holmes county.

HON. T. P. GUYTON, Chancellor.

Suit by Gordon Allen against George Allen. Decree of dismissal, and plaintiff appeals. Affirmed.

*Noel & Neilson,* for appellant.

*J. A. Teat,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellant, Gordon Allen, filed his bill in the chancery court of Holmes county against appellee, his father, George Allen, to establish his title to and remove as a cloud upon his title the adverse claim of appellee to a one-fourth undivided interest in lot 128 in the town of Durant, in the county of Holmes, according to Mercer's survey, and eighty acres of land in said county, known as the "Barger place," and to recover from appellee for the use thereof the rents and profits thereon from the date of the death of the mother of appellant, Lelia Forest Allen, who was the wife of appellee. The case was heard upon bill, answer, and proof. There was a final decree dismissing appellant's bill; from that decree, appellant prosecutes this appeal.

There is only a question of law to be determined.

Sarah Ann Omega Sandifer Allen, the mother of appellee, died April 5, 1895, leaving a last will and testament, executed on March 30, 1895. At the time of her death, she owned the land in controversy. By her will, she disposed of her real and personal property, including the land in controversy. That part of the will disposing of the land in controversy is in this language:

"I give and devise the piece or parcel of land known as lot 128, in said town of Durant, in said county and state, as per Mercer's survey, to my daughter-in-law, Lelia Forest Allen, being the wife of my said son, George Allen, to have and to hold during her natural life, and, at her death, to the children of my son, George Allen, by him begotten. I further give and devise to my said daughter-in-law, Lelia Forest Allen, my place known as the 'Barger place,' containing eighty acres, more or less, being the place I purchased from Lafayette Barger, to have and

145 Miss.—24.

to hold during her natural life, and at her death, to the children of my said son, George Allen, by him begotten.''

At the time of the death of the testatrix, appellee and his wife, Lelia Forest Allen, had only one child living, a son, James Allen. This son died in July, 1908. Prior to his death, appellant, his brother, Gordon Allen, was born. Thereafter, in April, 1922, Lelia Forest Allen died, leaving surviving her the appellee, her husband, and appellant, her only living child.

Appellant's contention is that on the death of his grandmother, Sarah Ann Omega Sandifer Allen, under her will, no present interest in the land involved passed to her grandson, James Allen, who was the only living child at that time of appellee and his wife, Lelia Forest Allen, the appellant having been born after the death of his said grandmother, but before the death of his brother, James Allen; that the remainder interest did not vest until the death of the life tenant, the mother of appellant, and the wife of appellee, and the appellant, being the only living child of appellee and his wife at that time, took the entire estate in the land in fee.

Appellee's contention is that on the death of the testatrix, Sarah Ann Omega Sandifer Allen, the remainder estate vested at once in James Allen, who was then living, and any children that might be thereafter born to appellee and his said wife, as they came into being, share and share alike, and therefore appellant and his brother, James Allen, took the remainder estate in fee in equal shares, and on the death of James Allen, his undivided interest went to his heirs, who were appellant and appellee, share and share alike, or one-fourth undivided interest to each, the result being that the appellee owned a one-fourth undivided interest in the land, and the appellant a three-fourths undivided interest therein. The trial court took that view and rendered a decree accordingly.

It will be noted that the remainder estate, under the will, is devised in this language:

"And at her death, to the children of my son, George Allen, by him begotten."

The will does not provide that the children of George Allen living at the time of the death of the life tenant shall take the estate. It is silent as to that. The law favors the vesting of an estate at the earliest possible moment, and, if a contrary intention does not appear, a devise to a class of persons vests immediately upon the death of the testator in the members of the class then in being, subject to open up and let in members of the class who may afterwards come into being, before the date fixed for the ascertainments of the members of the class. *Branton* v. *Buckley,* 99 Miss. 116, 54 So. 850, L. R. A. 1917C, 527.

Applying that principle to the present case, the result is that on the death of the testatrix, Sarah Ann Omega Sandifer Allen, the remainder estate in the land vested in James Allen, and any other children that might be born to appellee and his wife, as a class, share and share alike. The class consisted of only two children, appellant and his deceased brother, James Allen. They therefore took the remainder estate in fee, share and share alike. On the death of James Allen, the appellee, his father, and appellant, his brother, who constituted his sole heirs, took his one-half interest in the remainder estate, share and share alike. James Allen had taken a one-half undivided interest in the remainder estate, and therefore each of his heirs got one-fourth. The one-fourth interest thus inherited by the appellant from his deceased brother gave him an undivided three-fourths interest in the land, while the appellee, his father, took from his deceased son an undivided one-fourth interest in said land. The court below so held.

*Affirmed.*