BALFOUR *v.* WELLS *et al.*

(Division B.    Sept. 26, 1938.)

[183 So. 392.    No. 33376.]

(Division B. Nov. 7, 1938. Suggestion of Error Overruled Nov. 21, 1938.)

[184 So. 313. No. 33376.]

L. T. McKenzie, of Ashland, for appellant.

Fred M. Belk, of Holly Springs, for appellees.

Argued orally by **Fred M. Belk**, for appellee.

**Anderson, J.**, delivered the opinion of the court on motion.

The bill in this case was dismissed on general demurrer. An appeal therefrom was not granted by the court, nor was it asked for. It was, therefore, a final decree on the merits. It is argued that Section 14 of the Code of 1930 applies which provides that in the class of cases therein set out, an appeal must be applied for and bond

given within thirty days after the order or decree applied for is filed in the proper office, whether the decision be in term time or in vacation. That statute applies to interlocutory decrees. The controlling statute here is Section 2323 of the Code of 1930, which gives the right of appeal from a decree of this character within six months after its rendition.

McGehee, J., delivered the opinion of the court.

Under the last will and testament of L. T. McKenzie, deceased, there was bequeathed unto one of his daughters 400 acres of land in Benton county, the language used in making the devise being: "To my daughter, Mrs. A. E. Love, . . . during her natural life, and at her death it shall descend to her children." At the time of death of the testator, the said Mrs. A. E. Love had one child, Richard Love, who predeceased her; and there were no other children thereafter born to her. Richard Love left surviving him, as his sole heir at law, his wife, who is now Mrs. Winnie D. Wells, the appellee.

The bill of complaint filed in this case by the appellants alleges the foregoing facts, makes the will an exhibit thereto, and asks that the court construe the said provision of the will to mean that a contingent and not a vested remainder was created; that is to say, that upon the termination of the life estate of Mrs. A. E. Love, without a child or children having survived her, the land descended to all of the heirs at law of the testator, instead of to the appellee as the wife of Richard Love. The court sustained a demurrer to the bill on the ground that the remainder became vested in Richard Love at the time of the death of the testator, although the enjoyment of this vested remainder by him or his heir at law was postponed unto the death of the life tenant. In this the chancellor was correct. McDaniel et al. v. Allen, 64 Miss. 417, 1 So. 356, and Allen v. Allen, 145 Miss. 368, 110 So. 685. The devise of the remainder to the

children of Mrs. A. E. Love was a gift to them as a class, and vested immediately upon the death of the testator in the only member of the class then in being, subject to open up and let in any members of such class as should thereafter come into being. And, since there are no others of the class who came into being to share such remainder, it vested in Richard Love alone at the death of the testator, and in the wife and only heir at law of such remainderman at his death.

The decree of the court below must therefore be affirmed.

Affirmed.