In re RAWORTH'S ESTATE.

Division B. May 28, 1951.

No. 38017 (52 So. (2d) 661)

Vollor, Teller & Biedenharn, for appellant.

Brunini, Everett, Grantham & Quin, for appellee.

Holmes, C.

This appeal involves the constuction of the last will and
testament of Jennie D. Raworth, deceased. The date of

the death of the testatrix is not disclosed by the record, but her will was filed on May 21, 1941. John O. Raworth, a nephew of the testatrix, was named as executor and trustee under the will and at the time of the filing of the petition in this proceeding, had been discharged as executor.

The pertinent provisions of the will are as follows:

"Item III

"I give, devise and bequeath unto my dear niece, Olive R. Smedes, of Houston, Texas, my half of the joint account in the savings department of The Merchants National Bank and Trust Company of Vicksburg, Mississippi; also the income from my one-half of the United States Bonds which were purchased with funds withdrawn from the joint account of William D. Ray and myself hereinbefore referred to (or the income from such bonds in which the proceeds of the said United States Bonds may later be re-invested), and the income from any and all other monies, stocks, bonds or investments wheresoever they may be situated that I may own at the time of my death, in trust to my nephew, John O. Raworth, of the City of Vicksburg, Warren County, Mississippi, as Trustee, for the use, benefit, support and maintenance of the said Olive R. Smedes; and I hereby direct that the said John O. Raworth, Trustee, shall pay over to the said Olive R. Smedes the income from the above mentioned securities, monies or investments in such installments and at such intervals or times as he may deem best, taking into consideration the amount of the income, the intervals or dates of collecting such income, and the needs of the said Olive R. Smedes during her lifetime. The said John O. Raworth, Trustee, is hereby authorized to collect, sell, invest and reinvest said funds in bonds of the United States of America, in bonds guaranteed by the United States of America or in municipal bonds, as he shall see fit, for the use and benefit of the said Olive R. Smedes during her lifetime. I direct that in the event of the death of the said John O. Raworth, or in the event of his physical or

mental inability to act as Executor and Trustee as set forth in this will, The Merchants National Bank and Trust Company of Vicksburg, Mississippi shall, and I hereby authorize that said bank shall, act in his place and stead.

## "Item IV

"I hereby direct that upon the death of Olive R. Smedes the principal and interest of the monies, stocks, bonds and investments referred to in Item III above, shall be delivered to my dear niece, Hazel Smedes Crampton, of Philadelphia, Pennsylvania during her lifetime. In the event of the death of Olive R. Smedes and Hazel Smedes Crampton said principal and interest shall be paid to my nephew, Thomas M. Smedes, of Houston, Texas in monthly installments the amount of which are to be determined by my Executor after giving due regard to the needs of the said Thomas M. Smedes.

## "Item V

"It is my will and desire that any monies I may have in checking accounts in any banks shall be paid over to my niece, Olive R. Smedes, by my Executor, at the rate of fifteen dollars ($15.00) per month, until all of said funds shall have been withdrawn, during her lifetime, and in case of her death said funds shall be paid over to Hazel Smedes Crampton. In case of the death of Hazel Smedes Crampton the said funds shall be paid over to Thomas M. Smedes."

Olive R. Smedes, Hazel Smedes Crampton, and Thomas M. Smedes, are sisters and brother, and are the nieces and nephew of the testatrix. Olive R. Smedes died on January 28, 1947, and thereafter John O. Raworth, as trustee under the will of the decedent, filed his petition in the Chancery Court of Warren County praying for a construction of the will and for directions as to the disposition of the trust estate in his hands. Hazel Smedes Crampton and Thomas M. Smedes were cited to appear and answer the petition. Each filed separate answers. Hazel Smedes Crampton claimed the estate in fee and

Thomas M. Smedes claimed that Hazel Smedes Crampton was vested only with a life estate with remainder over to him.

The chancellor rendered a decree adjudging Hazel Smedes Crampton to be vested with the trust estate in fee, and from this decree, Thomas M. Smedes appeals.

The sole question presented is whether Hazel Smedes Crampton is entitled to the estate in fee or only to a life estate in the property with remainder over to Thomas M. Smedes.

In undertaking to construe the will of the testatrix, there are certain rules of construction long recognized in this and other jurisdictions which should be borne in mind.

First, the prime inquiry is the intention of the testatrix. Cross v. O'Cavanagh, 198 Miss. 137, 21 So (2d) 473; Brumfield v. Englesing, 202 Miss. 62, 30 (2d) 514.

Second, the law favors the vesting of the estates at the earliest possible moment. Branton v. Buckley, 99 Miss. 116, 54 So. 850, L. R. A. 1917C, 527; Allen v. Allen, 145 Miss. 368, 110 So. 685.

Third, in the absence of a clear intent to the contrary, that construction should be adopted which will result in a just and reasonable disposition of the property. Patterson v. Patterson, 150 Miss. 179, 116 So. 734; Cross v. O'Cavanagh, supra.

Fourth, life tenancies are not favored. Ewing v. Ewing, 198 Miss. 304, 22 So. (2d) 225, 161 A. L. R. 606.

With these cardinal principles in mind, we institute a search for the intention of the testatrix. It is clear that she created a trust for the benefit of her niece, Olive R. Smedes, during her life, vesting the trust estate, consisting of money in savings account, stocks and bonds, in her nephew, John O. Raworth, with directions to use the same for the use and benefit of her niece, Olive, so long as she might live and with full authority to invest and re-invest the trust funds. She further directed that upon the death of Olive, the "principal and interest of

the monies, stocks, bonds, and investments'' be delivered to her niece, Hazel Smedes Crampton, during her lifetime. It will be noted that she does not direct that the trust estate be paid to Hazel during her lifetime but that she directs that the entire trust estate, all consisting of personal property, be *delivered* to Hazel, without restricting her as to the use of the income therefrom only, without restriction as to the full use, enjoyment, disposition and total consumption of the entire trust estate, and without the intervention of a trustee to administer the same for her benefit. It is manifest, therefore, that the testatrix intended that Hazel should have the trust estate to do with as she pleased, without any apparent intention of preserving the same for the use of a remainder legatee. It is true that she directs that the trust estate be delivered to Hazel ''during her lifetime'', but it is apparent from her bequest to Hazel of the unlimited, unrestricted, and unqualified use and disposition of the trust estate that the phrase ''during her lifetime'' was intended to fix the time of the delivery of the estate to Hazel rather than intended to fix the duration of the use of the estate by Hazel.

It is to be further noted that the will provides that upon the death of Olive, the trustee is to deliver the entire principal and interest of the trust estate to Hazel without the intervention of a trustee. If, therefore, the will is to be construed as vesting only a life estate in Hazel, it means that the trusteeship shall cease upon the delivery of the estate to Hazel and remain inactive throughout the life of Hazel and only be resumed upon her death, when the trustee would be required to gather up the fragments of such of the estate as might not have been consumed by Hazel and administer the same for the benefit of Thomas M. Smedes. Such a disposition of the estate would be cumbersome and unreasonable and it is difficult to conceive that the testatrix intended that such a hiatus should occur in the tenure of the trustee or that the testatrix intended such a cumbersome and unreasonable disposition and administration of her estate. To place such a

construction upon her will is to do violence to the well established rule of construction that in construing a will, that construction should be adopted which will result in a just and reasonable disposition of the property in the absence of a clear intent to the contrary.

Of significance too, is the language of the will that upon the death of Olive, the "principal and interest" of the monies, stocks, bonds and investments in the hands of the trustee shall be delivered to Hazel during her lifetime, but in the event of the death of Olive and Hazel, "said principal and interest" shall be paid to Thomas M. Smedes in monthly installments by the executor. The obvious meaning of this is that upon the death of Olive, "the principal and interest" shall be delivered to Hazel during her lifetime but if Olive and Hazel both be dead, then "said principal and interest", that is to say, the "said principal and interest" which would go to Hazel if living, would, if Hazel be dead, go to Thomas M. Smedes.

Bearing in mind the well recognized rules of construction that the intention of the testatrix controls, that the law favors the vesting of estates at the earliest possible moment, that in the absence of a clear intent to the contrary, that construction will be adopted which will result in a just and reasonable disposition of the property, and that life tenancies are not favored, and viewing the will as a whole, we think it is manifest that the title in fee to the trust estate is vested in Hazel Smedes Crampton.

We are fortified in this conclusion by the rule announced by this Court in the case of Bibby v. Broome, 116 Miss. 70, 76 So. 835, 836, 842, as follows: "the rule, under numerous authorities, is that where a devise is followed by a limitation over in case the devisee should die, and it does not appear that the testator meant death under particular circumstances, it is presumed that he meant the death of the devisee before the vesting in him of the property in possession. In other words, where the devise is to A., and in case of his death to B., the gift over to B. will take effect only in event of A.'s death before that of

the testator's; but if the devise is to A. for life, with remainder to B., and in case of B.'s death to C., the gift over to C. will take effect in event B. dies at any time before the death of A., whether prior or subsequent to the death of the testator. Sims v. Conger, 39 Miss. 231, 77 Am. Dec. 671; Nations v. [Colonial & U. S.] Mortgage Co. [115 Miss. 741], 76 So. 642; Edwards v. Edwards, 15 Beav. 357; 30 Am. & Eng. Enc. of Law, 708; 3 Jarman on Wills (6th Ed.) 2144.''

Applying this rule to the will under review, the bequest being to Olive R. Smedes for life, with remainder to Hazel Smedes Crampton, and in case of Hazel's death, to Thomas M. Smedes, the gift over to Thomas would have taken effect only in the event Hazel had died before the death of Olive. The contingency on which Thomas M. Smedes was entitled to take, namely, the death of Hazel before the death of Olive, never happened, and hence the estate in fee has vested in Hazel Smedes Crampton.

We are, therefore, of the opinion that the decree of the chancellor was correct and it is hereby affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the judgment of the court below is affirmed.