275 So.2d 105 (1973)
Hattie B. Winston COCKRELL
v.
James (Jim) JONES et al.
No. 47006.
Supreme Court of Mississippi.
March 19, 1973.
Stone & Graham, Columbus, for appellant.
Burgin, Gholson, Hicks & Nichols, Robert Prather, Columbus, for appellees.
ROBERTSON, Justice:
Appellant, Hattie B. Winston Cockrell, appeals from a Decree of the Chancery Court of Lowndes County construing the Last Will and Testament of Willie A. Winston, deceased, as devising absolute fee simple title to all of his real and personal property to his second wife, Estella Jones Winston.
The appellant, who was the daughter of Willie A. Winston by his first marriage, contends that only a life estate was devised to Estella and that the appellant, under Item III of Willie Winston's will, was devised the remainder estate at the death of Estella Jones Winston.
The two items of the will in question were:
"Item II. The survivor shall take, under this will, all of the estate and all of the property of which the one who dies first is seized and possessed and may be entitled at the time of such death, of whatsoever kind and nature and wheresoever it may be situated, be it real, personal or mixed, absolutely and forever.

"Item III. At the death of the survivor, the remainder of our estates shall go to our daughter, Hattie B. Winston Cockrell, absolutely and forever." (Emphasis added).
These items were contained in what was prepared as a joint last will for Willie and Estella but which was signed only by Willie A. Winston. The will was probated as the Last Will and Testament of Willie A. Winston, deceased, on May 18, 1959. Although his estate has never been closed, the time has long since expired for the filing of a contest or caveat of his will.
On July 11, 1960, an escrow agreement was entered into between Estella Jones Winston and appellant, Hattie B. Winston Cockrell, which recited in part:
"WHEREAS, there has arisen a disputed claim as to the right and interest of Hattie B. Winston Cockrell, as to part of the property claimed by Estella Jones Winston under the aforesaid last Will and Testament of Willie A. Winston and *106 the establishment of the claim of Hattie B. Winston Cockrell would result in a contest of the last Will and Testament of Willie A. Winston.
"NOW, THEREFORE, for and in consideration of the sum of one dollar ($1.00) and for the further consideration that Hattie B. Winston Cockrell will not contest the Last Will and Testament of Willie A. Winston during the two (2) year statutory period for contesting a will, it is hereby mutually agreed by and between Estella Jones Winston and Hattie B. Winston Cockrell, as follows:
"(1) That Estella Jones Winston does hereby make and deliver unto Hattie B. Winston Cockrell, a warranty deed subject to a life estate in Estella Jones Winston, to approximately 11.13 acres, more or less, of land which is more particularly shown by the original of said deed which is attached hereto as Enclosure 1 and made a part thereof by reference."
The warranty deed called for was executed by Estella and delivered to the appellant and was filed for record and recorded in the Lowndes County land records on June 13, 1961.
After Estella's death in 1970, a petition for partition of real estate was filed by appellant on July 29, 1971, wherein she charged that the lands in question were owned by Willie A. Winston and Estella Jones Winston, as tenants in common, and that after Estella's death the remainder of Willie's estate, consisting of his undivided 1/2 interest, became appellant's property under Item III of Willie's will, and that Estella's undivided 1/2 interest descended to the appellees, who were her sole and only heirs at law, Estella having died intestate.
In his final decree, the Chancellor found and adjudicated:
"That the last Will and Testament of Willie A. Winston, which was duly probated in Cause No. 7195, under Item 2 thereof, vested in the said Estella Jones Winston all of the estate and all of the property of Willie A. Winston of whatsoever kind and nature and wheresoever it may be situated, be it real, personal or mixed, in fee simple, absolutely and forever.
"That any claim, right or interest that Hattie B. Winston Cockrell had or might have had in the property of Willie A. Winston and/or Estella Jones Winston was settled by and between Hattie B. Winston Cockrell and Estella Jones Winston under that certain Escrow Agreement dated July 11, 1960 wherein the said Hattie B. Winston Cockrell was deeded approximately 11.13 acres in settlement of any right, claim or interest that she might have had in the property of Willie A. Winston or Estella Jones Winston and she is therefore estopped at this time to assert any additional claim to the property of Willie A. Winston or Estella Jones Winston or the heirs at law of Estella Jones Winston."
There were only two assignments of error:
(1) The Last Will and Testament of Willie A. Winston was improperly construed to mean that Estella Jones Winston inherited in fee simple all of the property of Willie A. Winston, and
(2) That the Chancellor erred in finding and adjudicating that the escrow agreement executed by and between Estella Jones Winston and Hattie B. Winston Cockrell on July 11, 1960, estopped Hattie B. Winston Cockrell to assert any claim against the heirs at law of Estella Jones Winston or the real estate which is the subject of this suit.
We do not reach the second assignment of error because we are of the opinion that the Chancellor correctly construed Item II of the Last Will and Testament of Willie A. Winston as devising an absolute fee simple title to Estella Jones Winston.
*107 We find this language in Harvey v. Johnson, 111 Miss. 566, 71 So. 824 (1916):
"Where an interest or estate is given in one clause of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt upon the meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words giving the interest or estate." 111 Miss. at 573, 71 So. at 826.
In Raworth's Estate, 211 Miss. 780, 52 So.2d 661 (1951), this Court was confronted with a similar question and, in finding that Hazel Crampton was vested with fee simple title, again mentioned four cardinal rules of construction:
"The sole question presented is whether Hazel Smedes Crampton is entitled to the estate in fee or only to a life estate in the property with remainder over to Thomas M. Smedes.
"In undertaking to construe the will of the testatrix, there are certain rules of construction long recognized in this and other jurisdictions which should be borne in mind.
"First, the prime inquiry is the intention of the testatrix... .
"Second, the law favors the vesting of the estates at the earliest possible moment... .
"Third, in the absence of a clear intent to the contrary, that construction should be adopted which will result in a just and reasonable disposition of the property... .
"Fourth, life tenancies are not favored." 211 Miss. at 785, 52 So.2d at 662-663.
We are of the opinion that under the authority of Harvey and Raworth the Chancellor correctly construed Item II of the Last Will and Testament of Willie A. Winston as vesting the absolute fee simple title to all of his property in his wife, Estella Jones Winston.
The decree of the Chancery Court is, therefore, affirmed.
Affirmed.
RODGERS, P.J., and INZER, WALKER and BROOM, JJ., concur.